UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MALACHI I. YAHTUES,

            Plaintiff,

      v.                                CIVIL ACTION NO.
                                        24-12020-NMG

STEPHEN KENNEDY, MATTHEW PONTES,
JOY GALLANT,WELL-PATH, ANN LI, and
JAMES O'GARA, JR.,

            Defendants.

ORDER

GORTON, D.J.                              October 7, 2024

      Before the Court is Plaintiff Malachi I. Yahtues's
("Yahtues") Motion in Opposition to the Court's Order After
Initial Screening of Complaint Application and Request for
Amendment to that Order Issued August 16, 2024 ("Motion
Regarding the Court's August 16, 2024 Order"), ECF No. 10, and
Motion for Leave to Amend the Complaint, ECF No. 12.

      After review of Yahtues's filings, the Court rules as
follows.

      1.   Yahtues's Motion Regarding the Court's August 16, 2024
Order, ECF No. 10, is <u>DENIED</u> in part as <u>MOOT</u> with respect to its
initial screening inasmuch as the Motion to Amend the Complaint

is being allowed and the amended complaint screened below.[1]  The
motion is <u>DENIED</u> with respect to the request for recusal because
it is premised upon disagreement with the Court's Order.  <u>See</u>
<u>Talley</u> v. <u>Tyer</u>, 648 F. Supp. 3d 276, 282 (D. Mass. 2023) (citing
<u>Liteky</u> v. <u>United States</u>, 510 U.S. 540, 555 ("[J]udicial rulings
alone almost never constitute a valid basis for a bias or
partiality motion.")).

    2.   Yahtues's Motion for Leave to Amend the Complaint is
<u>ALLOWED</u>, the Amended Complaint, ECF No. 12-1, the amended
complaint is deemed filed, and is subject to screening under 28
U.S.C. § 1915(e).

    As this Court has previously explained to Yahtues, Section
1915 authorizes the federal courts to dismiss an action in which
a plaintiff seeks to proceed without prepayment of the filing
fee if, among other things, the action is frivolous or
malicious, fails to state a claim on which relief can be
granted, or seeks monetary damages from an immune party.  <u>See</u> 28
U.S.C. § 1915(e)(2)(B).  In conducting this review, the Court
construes the Yahtues's complaint "with some liberality" because
he is are proceeding pro se.  <u>Instituto de Educacion Universal</u>
<u>Corp.</u> v. <u>U.S. Dept. of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000)

---

    [1] The Court does not disturb its original ruling of
Yahtues's <u>in forma pauperis</u> eligibility and assessment of the
initial filing fee.

(citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam);

Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).

As an initial matter, "[j]ails, prisons, and other

correctional facilities are only buildings; they are not suable

entities." Thomas v. Barnstable Cnty. Correctional Facility,

No. CV 21-10398-ADB, 2021 WL 2224264, at *2 (D. Mass. June 2,

2021). Indeed, Old Colony Correctional Center is not a "person"

under 42 U.S.C § 1983 and therefore must be, and is, dismissed

from the action. See e.g. Cromartie v. Old Colony Correctional

Ctr., No. CV 20-11926-JCB, 2020 WL 7185646, at *2 (D. Mass. Dec.

7, 2020); Gebo v. Old Colony Correctional Ctr., No. CV 17-

11308-DJC, 2017 WL 4364173, at *1 (D. Mass. Sept. 29, 2017);

Velazquez v. Old Colony Correctional Ctr., No. CIV.A. 12-11926-

FDS, 2013 WL 812490, at *2 (D. Mass. Mar. 1, 2013). Further,

while prisons are subject to the Americans with Disabilities Act

and the Rehabilitation Act, the entity responsible for the

prison (i.e. the Department of Corrections or official capacity

claims against public officials), and not the prison building,

is the proper defendant, see Velazquez v. Old Colony

Correctional Ctr., No. CIV.A. 12-11926-FDS, 2013 WL 812490, at

*3 (D. Mass. Mar. 1, 2013); Reaves v. Dept. of Correction, 195

F. Supp. 3d 383, 418 (D. Mass. 2016) (naming entity and not

prison building).

As to the remaining defendants, claims under 42 U.S.C. §
1983 for official capacity monetary damages against the
individual state officials are barred under Eleventh Amendment
Immunity and under 42 U.S.C. §1983, itself.  "'[A] suit by
private parties seeking to impose a liability which must be paid
from public funds in the state treasury is barred by the
Eleventh Amendment'" to the United States Constitution.
Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) (quoting
Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  "This is true
whether the named defendant is the state itself or, as here, a
state official in her official capacity." Id.  Furthermore, to
the extent that Yahtues seeks monetary relief for actions taken
in their "official" capacities, the claims are not cognizable
under 42 U.S.C. §1983, see Will v. Michigan Dept. of State
Police, 491 U.S. 58, 71 (1989), because government officials in
their official capacity are not "persons" for purposes of 42
U.S.C. §1983.  Id.  Accordingly, official capacity monetary
damages under Section 1983 against any of the individual
defendants in their official capacity are dismissed.  Inasmuch
as Yahtues apparently misunderstood[2] the Court's August 16, 2024

---

[2]  Eleventh Amendment sovereign immunity pertains to
official capacity claims, as opposed to qualified immunity which
pertains to personal capacity claims.  "When government
officials are sued in their individual capacities for money
damages, the doctrine of qualified immunity shields them from
pecuniary liability unless their conduct violated 'clearly

Order, the Court clarifies that it takes no position as to any potential qualified immunity defenses as to the individual defendants in their personal capacities.

3. <u>Re-Issuance of Summonses.</u> Subject to the claims dismissed in paragraph 2, <u>supra</u>, the Clerk is directed to re-issue summonses only as to defendants Stephen Kennedy, Matthew Pontes, Joy Gallant, Well-Path, Ann Li, and James O'Gara, Jr. The Clerk shall send the summonses, complaint, and this Order to Yahtues, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). Yahtues may elect to have service made by the United States Marshals Service. If directed by Yahtues to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the above-identified defendants, in the manner directed by Yahtues, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshals Service, it remains Yahtues's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Yahtues shall have 90 days from the date of this

---

established statutory or constitutional rights of which a reasonable person would have known.'" <u>Lawless</u> v. <u>Town of Freetown</u>, 63 F.4th 61, 67 (1st Cir. 2023) (quoting <u>Pearson</u> v. <u>Callahan</u>, 555 U.S. 223, 231 (2009)).

Order to complete service.

**SO ORDERED.**

NATHANIEL M. GORTON
United States District Judge