UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MALACHI I. YAHTUES, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 24-12020-NMG |
| | ) | |
| OLD COLONY CORRECTIONAL CENTER, et al., | ) ) | |
| Defendants. | ) | |

MEMORANDUM & ORDER

GORTON, J.

On October 25, 2024, pro se plaintiff Malachi Yahtues filed a notice of appeal (Docket No. 18) and a motion to stay pending appeal (Docket No. 19) in this open case. For the reasons set forth below, the Court DENIES the motion to stay.

I. Background

On October 7, 2024, the Court entered an order (1) denying Yahtues's Motion to Recuse; (2) allowing Yahtues's motion to amend the complaint; (3) dismissing Old Colony Correctional Center as a defendant because it is a building rather than a suable entity; (4) dismissing any official capacity claims under 42 U.S.C. § 1983 for monetary damages; (5) ordering the reissuance of summonses for all remaining defendants; and (6) ordering Yahtues to complete service of the summonses and the amended complaint within 90 days. (Docket No. 13). In his Notice of Appeal, Yahtues appeals the denial of the motion to

recuse, the dismissal of Old Colony Correctional Center as a defendant, and the dismissal of official capacity claims under 42 U.S.C. § 1983 for monetary damages, which Yahtues characterizes as a "Grant of Immunity to State Employee's." (Docket No. 18) [sic].

## II. Discussion

In general "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). However, the filing of a notice of appeal does not divest the district court of jurisdiction "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)." WM Cap. Partners 53 LLC v. Barreras, Inc., 975 F.3d 77, 83-84 (1st Cir. 2020) (quoting Donahue v. Fed. Nat'l Mortg. Ass'n, 971 F.3d 1, 4 (1st Cir. 2020)).

Further, when a litigant files a notice of appeal "that designates a clearly unappealable order, the district court need not stay proceedings but should continue to adjudicate the underlying matter in the ordinary course, as if no notice of appeal has been filed." U.S. Bank Nat'l Ass'n as Trustee of Asset Backed Sec. Corp. Home Equity Loan Tr., Series NC 2005-

2

HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 v. Richmond, No. 24-1342, 2024 WL 4529690, at *2 (1st Cir. July 25, 2024)

In this case, there is no question that Yahtues's notice of appeal is patently defective in that it does not challenge an order that is immediately appealable.  A federal court of appeals "generally . . . only has jurisdiction over appeals from final decisions from district courts, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 28 U.S.C. § 1292."  Triangle Caymen Asset Co. v. LG and AC, Corp., 52 F.4th 24, 30 (1st Cir. 2022) (citations omitted).  "Final decisions," which are "often refer[red] to as final judgments," "are those that 'dispose[ ] of all claims against all parties.'"  Id. (alteration in original) (quoting Galvin v. U.S. Bank, N.A., 852 F.3d 146, 154 (1st Cir. 2017)).  The October 7, 2024 order was not a final judgment, nor was it otherwise immediately appealable.[2]  The Court therefore retains complete jurisdiction over the action and there is no basis for a stay pending appeal.

---

[2] Under the so-called "collateral order doctrine," an interlocutory order that is otherwise not immediately appealable may be appealed immediately if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 479 F.3d 63, 75 (1st Cir. 2007) (quoting Espinal-Dominguez v. Puerto Rico, 352

## III. Conclusion

For the foregoing reasons, the motion to stay pending appeal (Docket No. 19) is DENIED.

So ordered.

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: 11/05/2024

---

F.3d 490, 495 (1st Cir. 2003)). Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b). However, neither the "collateral order doctrine" nor 28 U.S.C. § 1292 is applicable to the October 7, 2024 order. See, e.g., In re Martinez-Catala, 129 F.3d 213, 217 (1st Cir. 1997) (stating that, "[o]rdinarily, a district judge's refusal to recuse is reviewable only on appeal of a final judgment; the collateral order doctrine does not apply," although acknowledging that "in unusual circumstances, interim review of such a refusal is available through writ of mandamus").